# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1447V
UNPUBLISHED

| | |
|---|---|
| ELAINE DIMEO,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: October 14, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Wei Kit Tai*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On September 19, 2019, Elaine Dimeo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration caused by an influenza vaccine administered on September 12, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 5, 2021, I issued a Finding of Fact, Conclusions of Law, and Ruling on Entitlement. ECF No. 36. The decision found that Petitioner suffered the residual effects of her injury for at least six months and that she was entitled to compensation. On October 12, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $56,258.58 comprised of $55,000.00 for pain and suffering,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and $1,258.58 for unriembursable expenses). Proffer at 2.[3] In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $56,258.58 (comprised of $55,000.00 for pain and suffering, and $1,258.58 for unriembursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Respondent stated that he had no objection to the amount of the proffered award and waives his right to seek review of such damages decision. However, respondent reserved his right to seek review of the October 5, 2021, entitlement decision.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| ELAINE DIMEO,<br><br>   Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>   Respondent. | No. 19-1447V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 19, 2019, Elaine Dimeo ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of flu vaccine on September 12, 2018. Petition at 1. On April 16, 2021, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report, recommending that this case be dismissed because petitioner's SIRVA symptomatology did not meet the Act's six-month sequelae requirement. Rule 4(c) Report at 4-5 (ECF No. 32). On October 5, 2021, Chief Special Master Corcoran issued his Findings of Fact, Conclusions of Law, and Ruling on Entitlement, finding that petitioner suffered the residual effects of her vaccine-related injury for at least six months and ruling that she was entitled to compensation for her SIRVA.[1] *See* Ruling on Entitlement (ECF No. 36).

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the chief special master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent

**I.      Compensation for Vaccine Injury-Related Items**

    A.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $55,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).

    B.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,258.58. *See* 42 U.S.C. § 300aa-15(a)(1)(B).

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.     Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $56,258.58, in the form of a check payable to petitioner.

**III.    Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Elaine Dimeo:                                        **$56,258.58**

---

reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the chief special master's October 5, 2021, entitlement decision.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Acting Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Acting Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                TRACI R. PATTON
                Assistant Director
                Torts Branch, Civil Division

                <u>s/ Wei Kit (Ricky) Tai</u>
                WEI KIT (RICKY) TAI
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Ben Franklin Station
                Washington, D.C. 20044-0146
                Direct dial: (202) 598-7705
                Wei.Tai@usdoj.gov

Dated:  October 12, 2021